CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

June 17, 2013

LETTER TO COUNSEL:

    RE:    *Barbara Ellen Shaw v. Commissioner, Social Security Administration*;
              Civil No. SAG-12-1686

Dear Counsel:

       On June 7, 2012, the Plaintiff, Barbara Ellen Shaw, petitioned this Court to review the Social Security Administration's final decision to deny her claim for Supplemental Security Income. (ECF No. 1). I have considered the parties' cross-motions for summary judgment. (ECF Nos. 18, 25). I find that no hearing is necessary. Local Rule 105.6 (D. Md. 2011). This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *see Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996) (superseded by statute on other grounds). Under that standard, I will grant the Commissioner's motion and deny Plaintiff's motion. This letter explains my rationale.

       Ms. Shaw filed her claim for benefits on July 29, 2008, alleging disability beginning December 31, 2007. (Tr. 124-34). Her claim was denied initially on September 11, 2008, and on reconsideration on May 22, 2009. (Tr. 56-60, 62-65). A hearing was held on June 21, 2010 before an Administrative Law Judge ("ALJ"). (Tr. 30-51). Following the hearing, on September 20, 2010, the ALJ determined that Ms. Shaw was not disabled during the relevant time frame. (Tr. 14-24). The Appeals Council denied Ms. Shaw's request for review (Tr. 1-5), so the ALJ's decision constitutes the final, reviewable decision of the agency.

       The ALJ found that Ms. Shaw suffered from the severe impairments of degenerative disc disease of the thoraco-lumbar spine and Sjogren's syndrome. (Tr. 16). Despite these impairments, the ALJ determined that Ms. Shaw retained the residual functional capacity ("RFC") to:

> [P]erform light work as defined in 20 CFR 404.1567(b) and 416.967(b). She is further limited to occasionally climbing ramps and stairs (never ladders, ropes, or scaffolds), balancing, stooping, kneeling, crouching and crawling; and avoiding

even moderate exposure to extreme cold.

(Tr. 19). The ALJ determined both that Ms. Shaw could perform her past relevant work as a packer, and that she was not disabled pursuant to Medical-Vocational Guideline 202.13 because her non-exertional limitations do not significantly erode the occupational base of unskilled light work. (Tr. 23-24).

Ms. Shaw presents four primary arguments on appeal: (1) that the ALJ failed to properly evaluate her past relevant work; (2) that the ALJ ignored the fact that the Vocational Examiner (VE) gave a negative answer to the only hypothetical posed; (3) that the ALJ lacked sufficient support for her adverse credibility finding; and (4) that the ALJ erroneously weighed the opinions of treating physicians Drs. Gallagher and Malik. None of the arguments justifies remand.

Ms. Shaw's first argument is meritorious, in that the ALJ appears to have erroneously considered her past relevant work. Without any testimony from the VE on the issue, the ALJ made the determination that Ms. Shaw's past relevant work was analogous to the job described at code 920.685-054 in the Dictionary of Occupational Titles. (Tr. 23). That job, Cotton Roll Packer, does not appear identical to Ms. Shaw's former position, and VE testimony should have been adduced to support the past relevant work finding.

However, the error is harmless because the ALJ made an alternative finding that Ms. Shaw was not disabled under Medical Vocational Guideline Rule 202.13. Because the RFC was valid for the reasons addressed below, the question is whether the non-exertional limitations in the RFC removed Ms. Shaw from the purview of the Medical-Vocational Guidelines ("the Grids"). The RFC included two categories of non-exertional limitations: (1) the restrictions in climbing, balancing, kneeling, crouching and crawling, and (2) the environmental restriction from exposure to extreme cold. None of these limitations are sufficient to remove Ms. Shaw's case from the Grids. Occasional stooping and crouching "is required to do almost any kind of work." *See* SSR 85-15, 1985 WL 56857, at *7. Therefore, if a person can stoop and crouch "from very little up to one-third of the time . . . the sedentary and light occupational base is virtually intact." *See id.* Crawling and kneeling are "relatively rare activit[ies,]" and as such, limitations on crawling and kneeling are "of little significance in the broad world of work." *See id.* If a person has a limitation in climbing and balancing, "it would not ordinarily have a significant impact on the broad world of work." *Id.* at *6. Finally, SSR 83-14 establishes that environmental restrictions, like the limitations regarding extreme cold, do "not significantly affect the potential unskilled light occupational base." 1983 WL 31254, at *5. There are 1,600 separate sedentary and light *unskilled* occupations, representing numerous jobs in the national economy. 20 C.F.R. 404, Appx. 2, Rule 202.00 (emphasis added). The light work category "generally provides sufficient occupational mobility even for severely impaired individuals who are not of advanced age and have sufficient educational competences for *unskilled* work." *Id.* (emphasis added). As such, the ALJ's limitations on Ms. Shaw's ability to perform light work do not prevent a wide range of gainful employment at the designated level. The ALJ's use of the Grids was therefore proper.

Ms. Shaw next notes that the VE gave a negative response to the only hypothetical posed. That fact lacks relevance because the ALJ based her decision on the Grids, not on VE testimony. No VE testimony is required for the ALJ to make findings under the Grids. *See Pearce v. Colvin,* No. 5:12-cv-01999-TLW, 2013 WL 2470305, at *9 (D.S.C. June 7, 2013) (quoting *Boland v. Astrue*, No. 3:08CV798-HEH, 2009 WL 2431536, at *7 (E.D. Va. Aug. 7, 2009) ("[A]n ALJ is not always required to consider testimony of a VE in order to find a claimant 'not disabled' when the claimant has both exertional and nonexertional limitations. If Plaintiff's nonexertional limitations have a minimal effect on his exertional occupational base, then a finding directed by the Grids is sufficient, and testimony by a VE is unnecessary.").

Third, Ms. Shaw contends that the ALJ lacked adequate support for her adverse credibility finding. She submits that the ALJ relied on her inability to see a specialist and her infrequent treatment, which she contends were related to her financial circumstances and not to the severity of her limitations. Pl. Mot. 7-8. However, the ALJ supported her adverse credibility finding with substantial evidence unrelated to Ms. Shaw's financial condition, including Ms. Shaw's activities of daily living, her statements suggesting that she stopped work because of job loss rather than medical concerns, the lack of evidence of "exacerbations of symptomatology" or emergency room visits relating to impairments, the lack of evidence suggesting that any medical sources believed treatment other than medical management would be required, and the results of a consultative examination in May 2009. (Tr. 21-22). The facts cited provide substantial evidence to support the adverse credibility conclusion.

Finally, Ms. Shaw argues that the ALJ assigned inadequate weight to the opinions of two treating physicians, Drs. Gallagher and Malik. However, a treating physician's opinion is not entitled to controlling weight if it is inconsistent with the other substantial evidence of record. 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2); *see also* 20 C.F.R. § 404.1527(c)(3) (stating that "[t]he more a medical source presents relevant evidence to support an opinion, particularly medical signs and laboratory findings, the more weight we will give that opinion."). The ALJ made detailed findings supporting her decision to assign "little weight" to both doctors' opinions. The ALJ noted that, "Dr. Gallagher's opinion is inconsistent with the claimant's record of conservative treatment limited to medication management, essentially normal findings upon physical examination, and significant activities of daily living." (Tr. 22). Because that statement followed a detailed analysis of Ms. Shaw's treatment, examinations, and activities, (Tr. 19-22), I find that the ALJ's conclusion is supported by substantial evidence. Similarly, with respect to Dr. Malik, the ALJ surmised that the opinion was based on Ms. Shaw's subjective complaints, due in part to the fact that Dr. Malik opined that Ms. Shaw suffered from disabling impairments only allowing her to sit, stand, or walk for a total of two hours during a period that she continued to work full-time. (Tr. 22-23). Moreover, the ALJ noted that, "His opinion is not supported by the medical evidence, including negative nerve conduction study and electromyography examination with respect to her extremities." (Tr. 23). A review of the relevant evidence supports the ALJ's conclusion, and remand is therefore unwarranted.

For the reasons set forth herein, Plaintiff's motion for summary judgment (ECF No. 18) will be DENIED and the Commissioner's motion for summary judgment (ECF No. 25) will be GRANTED. The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion. An implementing Order follows.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge